## HAMMOCK v. BATTLE.

EVANS, P. J.   A suit was brought upon a note containing a stipulation that it was given for the purchase-money of two mules "which I buy from J. J. Battle, to work on my place in Colquitt county, after a full inspection and without warranty; and it is expressly understood that J. J. Battle does not insure the health, life, soundness, or work of said mules, only the title thereto, and there are no other agreements than herein stated." The maker pleaded that one of the mules was vicious and unfit for the use intended, and that with such knowledge the seller falsely and fraudulently represented that the mule was safe and suited for the use intended, and thus induced him to make the purchase; and he prayed to recoup certain damages alleged to have been sustained by reason of the viciousness of the mule.   *Held,* that this plea was properly stricken, because it was deficient in alleging fraud, in that it contained nothing to show that the defendant was misled or deceived as to the contents of the note sued on (which integrated the contract of sale), or in any manner was prevented from ascertaining the same. *Case Threshing Machine Company* v. *Broach,* 137 *Ga.* 602 (73 S. E. 1063).                    *Judgment affirmed.   All the Justices concur.*
                    JUNE 25, 1915.

Complaint.   Before Judge Thomas.   Colquitt superior court. January 22, 1914.

*J. D. McKenzie,* for plaintiff in error.   *T. H. Parker,* contra.

---

## McCLELLAN v. RAWLING.

BECK, J.   Under the evidence, the court did not err in granting the prayer for receiver at the hearing of this case.
                    *Judgment affirmed.   All the Justices concur.*
                    JUNE 25, 1915.

Receivership.   Before Judge Bell.   Fulton superior court. October 3, 1914.

*Lavender R. Ray,* for plaintiff in error.
*Bryan & Middlebrooks,* contra.